In the Matter of the Application of:
**CORNELL UNIVERSITY,**
Petitioner–Appellee,

v.

**For a Judgment Staying the Arbitration Commenced by UAW LOCAL 2300, UNITED AUTOMOBILE AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, (Health Insurance Changes/Cost), Respondent–Appellant.**

No. 1274, Docket 90–9100.

United States Court of Appeals,
Second Circuit.

Argued April 12, 1991.

Decided Aug. 14, 1991.

Alicia Lynch, New York City (Thomas J. Giblin, Giblin & Lynch, Union, N.J. and New York City, Laurence F. Sovik, Smith, Sovik, Kendrick, Schwarzer & Sugnet, P.C., Syracuse, N.Y., of counsel), for respondent-appellant UAW Local 2300, United Auto. Aerospace and Agr. Implement Workers of America.

Stanley L. Goodman, New York City (Grotta, Glassman & Hoffman, P.A., New York City, of counsel to Walter J. Relihan, Jr., Walter J. Relihan, Jr., Thomas Mead Santoro, Ithaca, N.Y., of counsel), for petitioner-appellee Cornell University.

Before CARDAMONE and MAHONEY, Circuit Judges, and McKENNA, District Judge.*

CARDAMONE, Circuit Judge:

UAW Local 2300, United Automobile Aerospace and Agricultural Implement Workers of America (union or Local 2300), appeals from a judgment of the United States District Court for the Northern District of New York (McCurn, J.), entered November 21, 1990, granting Cornell University summary judgment. The issue on this appeal is a simple one: when a Collective Bargaining Agreement enumerates those matters subject to arbitration, may it reasonably be inferred that those not enumerated are excluded; or, must all those matters that are not specifically excluded by the Agreement be included within it and subject to arbitration. We think the answer to the question is found generally in the Latin maxim *expressio unius est exclusio alterius*—specific inclusion of one thing is the exclusion of another.

## I

Local 2300, representing certain employees of Cornell University, and Cornell University are parties to a four-year Collective Bargaining Agreement (Agreement) effective from June 30, 1988 to June 30, 1992. It contains, in Article XI, a clause stating that an arbitrable grievance is "any matter involving the interpretation or application of this Agreement which alleges a violation of the rights of an employee or the Union under the terms of this Agreement." It further states, in Article XXXIV, that if Cornell changes the Cornell Health Care Plan it must notify the union prior to implementation of the proposed changes.

The Health Care Plan referred to has been in existence for a number of years and now covers almost 10,000 Cornell employees, including the approximately 1,000 Local 2300 bargaining unit members and 250 other employees employed in three bargaining units represented by other unions. In the past ten years, Cornell has changed employee contribution levels, plan provisions, and plan designs of the Health Care Plan without the involvement of Local 2300 or the other unions.

During the negotiations leading up to the Agreement, the union made several proposals that Cornell rejected. The proposals thereafter were incorporated in a letter of understanding, and included a clause that stated the union and Cornell agree to establish a health insurance committee for the purpose of cost containment and for review of health insurance plan information. The letter is silent on the subject of arbitration.

In the fall of 1989, Cornell announced changes to the Health Care Plan and notified the union of the changes. Believing that the university had ignored the joint employer-union health insurance committee created by the letter, the union filed a grievance seeking to make Cornell rescind the changes and to abide by the letter's terms. Dissatisfied with the decision reached by the university official authorized to hear the grievance, the union sought arbitration before the American Arbitration Association. Cornell asserted that the claim was not arbitrable since it did not constitute a grievance under the Collective Bargaining Agreement. The union replied that the grievance was arbitra-

---

* Honorable Lawrence M. McKenna, United States District Judge for the Southern District of New York, sitting by designation.

ble because the letter was part of the Agreement.

The university obtained a stay of the arbitration pending disposition of a petition it had filed in New York State Supreme Court. The union thereupon removed the case to federal court and filed an answer and counterclaim alleging Cornell breached the Agreement by refusing to arbitrate the dispute. Both parties moved for summary judgment. Judge McCurn granted Cornell's summary judgment motion, denied the union's motion for the same relief, and dismissed the union's counterclaim seeking arbitration and damages. This appeal followed. We affirm.

## II

Contending that matters not specifically excluded by the parties to a Collective Bargaining Agreement "come within the scope of [its] grievance and arbitration provisions," *United Steelworkers of America v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 581, 80 S.Ct. 1347, 1352, 4 L.Ed.2d 1409 (1960), the union insists that it is entitled to arbitration under the Agreement's arbitration clause of its claim that Cornell violated the letter of understanding. The employer responds that since arbitration is a matter provided for by contract between the parties "a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit," *id.* at 582, 80 S.Ct. at 1353, and insists it did not agree to submit this dispute to arbitration.

Local 2300 urges that the arbitration clause in the Agreement applies because the letter supplements it and does not stand alone as a side agreement. If the union's factual contention is correct, then the arbitration clause in the Collective Bargaining Agreement applies to the letter because we have held that where a later contract lacking an arbitration clause supplements an earlier "umbrella" agreement containing such a clause, disputes under the later contract are arbitrable. *See Pitta v. Hotel Association of New York City, Inc.*, 806 F.2d 419, 422–23 (2d Cir.1986).

By the same token, if the contract and the letter are "collateral" to one another, as the employer contends, then the arbitration clause in the Agreement does not apply to a dispute arising under the letter. *See Associated Brick Mason Contractors of Greater New York, Inc. v. Harrington*, 820 F.2d 31, 35 (2d Cir.1987); *Rochdale Village, Inc. v. Public Service Employees*, 605 F.2d 1290, 1296–97 (2d Cir.1979). The question that must be answered is whether the letter may be read as part and parcel of the Collective Bargaining Agreement or whether it is collateral to it. If the letter is to be construed as a collateral instrument it may be parallel or coordinate to the Collective Bargaining Agreement, but it must be dissimilar and by definition be a contract set apart and distinct from the Agreement. *See* Webster's *Third New International Dictionary* (1981).

The Collective Bargaining Agreement between the union and the university limits arbitration solely to those disputes which relate directly to its terms. As a consequence, we conclude that the union's claim before us arises under the terms of the letter of understanding, which contains no provision for arbitration for disputes arising under it. It seems plain that the letter creates an entirely distinct and different obligation from the Agreement. The committee created in the letter was not contemplated by the Agreement, *see Rochdale Village, Inc.*, 605 F.2d at 1297; *cf. S.A. Mineracao Da Trinidade–Samitri v. Utah International, Inc.*, 745 F.2d 190, 195–96 (2d Cir.1984) (finding disputes arising under subsequent agreements lacking arbitration clauses arbitrable because those agreements supplemented and restated original agreement containing an arbitration clause), and, in fact, the university expressly sought to keep such committee out of the Collective Bargaining Agreement. Thus, the letter is collateral to the Agreement, *see Necchi v. Necchi Sewing Machine Sales Corp.*, 348 F.2d 693, 697–98 (2d Cir.1965), *cert. denied*, 383 U.S. 909, 86 S.Ct. 892, 15 L.Ed.2d 664 (1966), and the instant dispute is not covered by its arbitration clause.

The union contends that because the affidavit of its chief spokesman states that it was his understanding that the letter incorporated the Agreement and was a part thereof, there were material facts in dispute, specifically the intent of the parties in entering into both the contract and the letter. We disagree. There is no dispute regarding the texts of either instrument. Based on these documents, Local 2300 itself moved for summary judgment. The union's conclusory self-serving averment does not create a genuine issue of material and specific fact necessary to avoid having summary judgment entered against it. *See Lujan v. National Wildlife Federation,* — U.S. ——, 110 S.Ct. 3177, 3188, 111 L.Ed.2d 695 (1990). It was proper therefore for the district court to grant Cornell's motion for summary judgment and to dismiss the union's counterclaim.

### III

The judgment of the district court is affirmed.